UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEMAS WAI YAN,
        Appellant,

v.

TONY FU, et al.,
        Appellees.

Case No. 14-cv-00085-RS

**ORDER AFFIRMING BANKRUPTCY DECISION**

The Bankruptcy of Demas Wai Yan, and certain underlying disputes between Yan and appellee Tony Fu, have given rise to protracted litigation in the bankruptcy and state courts, and a series of appeals in this Court. The parties are familiar with the long history of the litigation and it will not be recounted here. In the present appeal, Yan challenges (1) an order of the bankruptcy court imposing a pre-filing review restriction on his ability to initiate further proceedings in that court involving certain parties, and (2) an order dismissing another of his complaints removed from state court, with leave to amend.

In lieu of filing a responsive brief, *pro se* appellees Tony Fu and Crystal Lei move to dismiss the appeal, contending it is frivolous. Yan opposes, arguing, among other things, that the arguments made in the motion go to the merits of the appeal and should have been presented in an appellee's brief. The motion to dismiss will be denied, and the appeal decided on the merits.

The bankruptcy court's conclusions of law are reviewed de novo. See *In re Markovich*, 207 B.R. 909, 911 (B.A.P. 9th Cir. 1997). A factual finding is clearly erroneous if the appellate court, after reviewing the record, has a definite conviction that a mistake has been made. *Beauchamp v. Hoose* (*In re Beauchamp*), 236 B.R. 727, 729 (9th Cir. BAP 1999). Mixed questions of fact and law are reviewed de novo. *Id*. Pre-filing orders entered against a vexatious litigant are reviewed

for abuse of discretion. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-57 (9th Cir. 2007). A court abuses its discretion when it enters such an order on an incorrect view of the law or a clearly erroneous finding of fact. *Id.*

No factual or legal error, or abuse of discretion, appears in the record here. When imposing a pre-filing review order a court is to consider four factors:

> First, the litigant must be given notice and a chance to be heard before the order is entered. . . . Second, the [] court must compile "an adequate record for review". . . . Third, the [] court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. . . . Finally, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered."

*Molski*, 500 F.3d at 1057 (9th Cir. 2007).

Generally, pre-filing review orders are not subject to review prior to entry of final judgment. *Molski*, 500 F.3d at 1055. Assuming that at least in this bankruptcy context the order is appealable, however, the bankruptcy court's supporting memorandum of decision reflects a careful and thorough evaluation of the four factors, with appropriate findings of fact. While Yan quibbles with various aspects of those findings, he has pointed to nothing rising to clear error that would justify setting the decision aside. Yan's assertion that the order is not narrowly tailored is meritless, as it specifically applies only to actions filed in the bankruptcy court against five specific individuals related to this long-running dispute.

Yan's challenge to the order granting the motion to dismiss, with leave to amend, likewise is without merit. Yan insists that his claims as pleaded included matters not subject to dismissal as pre-petition claims, and he faults the bankruptcy court for dismissing claims he contends were not asserted. The court's order, however, expressly gave Yan leave to present any post-petition claims not previously adjudicated. Although Yan's argument is not entirely clear, he appears to contend the bankruptcy court would lack jurisdiction over such claims. If so, his remedy likely would be to seek remand to state court, if he in fact can successfully plead claims outside the jurisdiction of the bankruptcy proceeding. As in case 3:11-cv-01814-RS, in which the order of this court has been affirmed by the Ninth Circuit and the appeal found to be sanctionable, Yan's election not to

avail himself of the opportunity to amend forecloses his contention that he has been deprived of the opportunity to pursue viable claims.  Accordingly, the decisions of the bankruptcy court are affirmed.

**IT IS SO ORDERED**.

Dated: 9/30/14

RICHARD SEEBORG
United States District Judge